IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGEL ALEXANDER MEJIA MORENO,

Petitioner,

v. No. 1:26-cv-01888-KG-KRS

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Angel Alexander Mejia Moreno's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 7, and Petitioner's Reply, Doc. 9. For the reasons below, the Court denies the petition.

Petitioner, a native and citizen of Venezuela, entered the United States in 2023 without inspection or parole. Doc. 1 at 1–2. Upon entry, he was apprehended and released on his own recognizance. *Id.*

On September 6, 2025, local law enforcement arrested Petitioner and transferred him to Immigration and Customs Enforcement ("ICE") custody. *Id.* He is now detained at the Cibola County Correctional Center in New Mexico. *Id.*

On March 2, 2026, an immigration judge considered Petitioner for release on immigration bond. *See* Doc. 7-3. The immigration judge denied bond. *Id.* On the written order, the immigration judge stated: "The Respondent has not met his burden of showing that he is not a danger to the community. The Respondent was convicted of Armed Robbery (felony) in Ecuador." *Id.*

Petitioner argues that he has not received adequate pre-deprivation process. Doc. 1 at 3–4. He also argues that his arrest violated the Fourth Amendment because law enforcement did

not have a valid warrant. *Id.* The Government opposes the Petition. *See* Doc. 7.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

To start, as another judge in this district concluded, §1226(a) governs here. *See* Doc. 7-2 at 1. Petitioner was arrested in the interior and was not seeking admission at that time.

Nonetheless, the Court declines to grant relief because Petitioner received an adequate bond hearing. At that hearing, the immigration judge considered the record and found that Petitioner failed to carry his burden of showing he is not a danger to the community. Doc. 7-3. That is all that § 1226 requires. This case is unlike those in which an immigration judge refuses to hold a bond hearing or refuses to reach the merits. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*,

2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.). Here, the immigration judge held a hearing and decided the issue.

Nor does the Fourth Amendment provide grounds for relief. Even assuming Petitioner was arrested without a warrant, the Fourth Amendment does not entitle him to release from custody. The Supreme Court has squarely held, in the immigration context, that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Because an unlawful arrest does not deprive the government of the ability to proceed against Petitioner or to hold him in custody pending removal proceedings, the alleged Fourth Amendment violation provides no basis for release here.

For the reasons above, the Court denies the Petition, Doc. 1.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.